

**FILED**

OCT 2 3 2014

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DAO
            DEPUTY CLERK

1    **RUBY BRADLEY, IN PRO SE**
     **2011 WRIGHT STREET # 5**
2    **SACRAMENTO, CA 95825**
     **916.346.7852**
3

4

5    **RUBY BRADLEY, IN PRO SE**

6

7

8              **THE UNITED STATES DISTRICT COURT**

9              **EASTERN DISTRICT OF CALIFORNIA**

10

11

12

13   **RUBY BRADLEY**                        **CASE NO.: 2:13-CV-2420  TLN DAD PS**
            **Plaintiff**
14
                                            **PLAINTIFF RUBY BRADLEY'S 1ST**
15   **v.**                                 **AMENDED COMPLAINT**

16   **SACRAMENTO COUNTY DEPARTMENT**
                                            DATE: _____
17   **OF HUMAN ASSISTANCE OF**             TIME: _____
                                            Court: _____
18   **NORTHERN CALIFORNIA WELFARE**

19   **DIVISION  AND DOES 1-10**

20                                          **Action filed:  11/21/2013**

21              **Defendants**

22                                          **DEMAND FOR TRIAL BY JURY**

23

24

25

26

27

28

Plaintiff Ruby Bradley wishes to point out to the Court that she is <u>NOT</u> an individual schooled in the law, but as an individual exercising her rights under law for the proper action of the Court from misrepresentative actions on the part of the Defendants.  As such, the Plaintiff Ruby Bradley asks the court to take <u>judicial</u> <u>notice</u> (Rule 201 of the Federal Rules of Evidence and California Rules of Evidence) of the <u>enunciation</u> <u>of</u> <u>principles</u> stated in King v. Knoll (No. 04-04149-JAR), Whitney v. State of New Mexico (113 F.3d 1170), and Haines v. Kerner (404 U.S. 519), wherein the courts are directed that those who are unschooled in law making complaints/pleadings shall have the court look to the <u>substance</u> of the complaint/pleadings <u>rather</u> <u>than</u> the form and hereby makes the following pleadings/notices in the above referenced matter <u>WITHOUT</u> waiver of any rights, claims or defenses.

<u>INTRODUCTION</u>

1.  This is an action for unlawful employment practices, as well as race and age discrimination. Plaintiff is a 54 year old African American female, a minority and over the age of 40 years old. Defendants' failed to promote plaintiff in respect to her compensation, terms and condition or privileges of employment. Plaintiff was limited, isolated and deprived of employment opportunities which adversely effected plaintiffs' employment status with this employer and plaintiff's livelihood.  Plaintiff was *not* allowed to move to any other position which would have provided opportunities for advancement but was held in a one classified position with changes in plaintiff job function which provided fewer opportunities for professional growth.

2.  Approx. in April of 2000 plaintiff was given one work performance evaluation and thereafter no other work performance evaluations for a period of 10 years. Defendants' Personnel Department utilized their testing methodology to undermine plaintiff's test scores for employment opportunities and to actively discriminate. Sacramento County Department of

Human Assistance testing methodology was discriminatory and allowed Sacramento County Department of Human Assistance to discriminate against employees such as myself.

3. Defendants' chose many selective younger candidates whom plaintiff worked closely with for Defendant Social Worker's positions with and without Social Worker's degrees. Younger candidates whom took the Social Work examination test would become ranked on the Social Worker's List and become reachable on the rank list to be hired in positions while myself older and more experienced and a qualified candidate were denied advancement. The policies of Department of Human Assistance disproportionately impacted plaintiff and randomly excluded qualified applicants and hired unqualified social workers using the basis of 3 years as a Human Service Specialist experience to get a qualified Social Worker degree position.

4. Defendants' discriminates against qualified employees by its' use of a test for which some tests there is no exact preparation materials. Defendants' further creates a problem for candidates by not informing the candidates of their test scores in areas of the test that they have scored low on. The effect is that the candidate can continue taking the test for the Social Worker position or testing for a promotional opportunity and become denied a ranking or given a low rank on the list for hire. Candidates would never know what areas he/she may need improvement if candidates fails the test examination or given a rank of a low score. Defendants' Personnel Specialist's wouldn't allow plaintiff to review her test score results for accuracy of her ranks given. In which plaintiff held credentials for a Social Worker position and qualifications for other employment opportunities. Defendants' testing is not transparent and defendant wouldn't show plaintiff or reveal to plaintiff her test scores. Plaintiff wasn't shown areas of deficiency or areas scored well in and which areas candidate/ plaintiff needed improvement. Defendants' provided blind test score results to their testing candidates.

Defendants' policies were set in place to exclude certain qualified applicants for employment in areas where candidates hold credentials which deprives candidates of promotional opportunities and lateral transfers within their municipality.

In January 2000, Plaintiff was hired in as a Human Service Specialist. Plaintiff was an African American female 40 years old.

5.   Approx. in 2002 plaintiff questioned her test results with defendants' personnel specialist. Defendants' personnel specialist explained to plaintiff her test scores were not passing to qualify for a Social Worker's position. Yet, some candidates before testing had to submit a copy of a Bachelor's Degree in Social Work. Defendants' hiring practices was test, rank and hire from an established list of candidates ranking 1 thru 7 to be eligible for a position. Defendants' switched their policy in approx. 2008 or 2009 hiring from the top three ranks   (1-3).

6.   Approx. 2004 plaintiff took the social worker examination again and was placed on social worker list for hire but in a low rank.

7.   Plaintiff's ranks were placed on Defendants' hiring lists after taking her examinations in very low ranks.

8.   Plaintiff requested to review her test scores to determine how she was ranked. Plaintiff was informed by the Defendants' personnel specialists reviewing the test scores was not an allowed policy for testing candidates. Plaintiff was informed if you don't get a call for an interview there is no interest to hire plaintiff from the rank list.

9.   Approx. in 2005 plaintiff took the supervisor examination and was ranked low for a supervisor position but placed on a list for hire. Plaintiff was never contacted for a

supervisor's interview or a position. 2 years later, another supervisor test was given to add other employee's to the supervisor list for hire.

10. Approx. in 2006 Plaintiff contacted the Civil Service Commission representative Leslie Leahy (former county employee) Plaintiff met with Leslie Leahy regarding plaintiff status on the Social Worker's list. Plaintiff discussion with Leslie Leahy was plaintiff had not been contacted for interviews or hiring and plaintiff was on the Social Worker's list which continues to exhaust. At this time, a few Social Worker examinations had been posted for testing. Leslie Leahy didn't give plaintiff a resolution yet Leslie Leahy (former county employee) requested for plaintiff to sign a waiver document and plaintiff declined.

11. Approx. in 2006 plaintiff applied for a lateral transferred position and was interviewed by Supervisor Mrs. Nassirian for a foster care worker position and was denied this lateral transfer position.

12. Approx. in 2007 plaintiff reviewed the Defendants' intranet for internal job openings for a lateral transfer and found a position for an Applicant Assistant. Plaintiff applied by sending a memo of interest which is the protocol to apply for this position to Supervisor Yvonne Hernández for an Applicant Assistant position. Later on in the week, this position was rescinded. A couple of week later this position was reposted and two of plaintiff's co-workers Terry Miller and Adrian McGruder (a former county employee) were complaining to management at plaintiff's prior work location( prior intake workers at the Bowling Green Office) employee's wanted out of this work location. Plaintiff was informed by both co- worker's we got those two Applicant Assistant positions.

13. Approx. in 2008 again, plaintiff applied by sending a memo of interest which is the protocol to apply for this position as a Quality Control Worker's position. Plaintiff was

interviewed and was told by interviewer Supervisor Russell Ross there was several opened positions and I would be selected for one of these lateral transfer position within a week issues came about and plaintiff was told by Supervisor Barbara Payne I did not fit the crowd so another two coworker's plaintiff worked directly with were selected for the two positions. Connie Mentmayor and Ana Ohn (prior intake workers at the Bowling Green Office).

14. Approx. in 2010 plaintiff applied for a lateral transfer position (Plaintiff's current work title) (Human Service Specialist) to get closer to plaintiff's home area. Plaintiff was informed by a supervisor the Human Service Specialist position was promised to someone else who had been looked over so the next time I applied I could get picked up. Plaintiff was continuously denied employment opportunities and advancement and harassed and subjected to a hostile work environment and was ultimately limited to remain in one stationary employment status because of defendants' intentional unlawful conduct.

JURISDICTION

15. The jurisdiction of the Court is over this complaint is invoked pursuant to the provisions of 28 United States Code Sections 1331(a) and 1343(1),(2) 1343(a)(3),and(4); Provisions of 29 United States Sections 621(b), 623(a)(1)(2) ,623(27),(28),(30), 623(54) 623(d)(59), 623(71); and the provisions of 42 United States Code Sections 2000e-2(a) 1, 2.

VENUE

16. All of the unlawful acts and practices alleged here in occurred within the geographical boundaries of the Eastern District of California.

## ADMINISTRATIVE PROCEEDINGS

17. Within statutory time period specifically on September 30, 2009, plaintiff filed charges with the Equal Employment Opportunity Commission ("EEOC"), a federal agency. On August 22, 2013, the EEOC issued plaintiff a right-to-sue letter.

## PARTIES

18. Plaintiff named herein is Ruby Jean Bradley a Black female adult citizen of the United States and a resident of Sacramento, California.

19. Defendant Sacramento County Department of Human Assistance Division of Welfare. A public government for-profit entity existing under the laws of the State of California Does 1-10.

## FACTS

20. In March of 1996, Defendant Sacramento County Dept. of Human Assistance hired plaintiff as an on-call site coordinator at a starting wage of $9.23 per hour. Plaintiff worked on-call for over two years at the Senior Nutrition Services a Division of Defendant Sacramento County Department of Human Assistance in Sacramento, California. In December of 1997 plaintiff graduated from Sacramento State University with a Bachelor's Degree in Social Work. In April of 1999 plaintiff was hired as a part-time Site Coordinator.

21. In January of 2000, Defendant Sacramento County Department of Human Assistance Welfare Division, hired plaintiff who was an African American female 40 years old as a full time Human Service Specialist. Plaintiff has worked full- time for over 14 years at Sacramento County Department of Human Assistance Welfare Division. In September 2009 plaintiff was forced to seek psychiatric treatment because of internal working conditions and a

1   hostile work environment. Despite numerous attempts by plaintiff to become promoted or

2   obtain lateral transfers within Defendants' municipality through testing, applying for qualified

3   positions, and lateral transfers. Defendants' refused and blocked plaintiff up mobility.

22. Defendants' were routinely overlooking black females and males for promotions to certain

5   positions. Approx. in 2005 plaintiff's work location Bowling Green Office defendants' begin

6   promoting and hiring and moving around some African American employees in higher

7   positions and lateral transfers and promotions. As well as, promoting younger candidates with

8   fewer qualifications for positions plaintiff had applied for and was not selected to fill in which

9   Plaintiff was an African American Female 45 years old. Plaintiff had satisfactory job

10  performance, and qualifications to perform. During plaintiff tenure with Sacramento County

11  Department of Human Assistance Welfare Division. Plaintiff's, prior work location Bowling

12  Green Office plaintiff was individually target by the program manager Donna Doyle, utilizing

13  her supervisors and her supervisors' utilizing some of plaintiff's coworkers to create an

14  indirect and direct hostile work environment. After subjecting plaintiff to a hostile work

15  environment, these employees were promoted or moved to other work locations or quit the

16  Sacramento County Department of Human Assistance Welfare Division. Plaintiff became

17  adversely affected by the Sacramento County Department of Human Assistance unlawful

18  employment practices and policies. Plaintiff was harassed, and subjected to hostile work

19  environment and limited and deprived of promotional opportunities which impacted

20  plaintiff's opportunities to finish up her educational plans and goals.

23. In attempt to resolve Defendants' unlawful employment practices plaintiff had resorted to

    filing an internal Racial/ Age Discrimination and Harassment complaint seeking resolutions

    through Defendants' Human Resource Department manager Megan King for such oppressive

employment conditions. Plaintiff was informed by the Human Resource Manager Megan King with no investigation conducted or witnesses talked with regarding this allegation. There were no findings of my Racial/Age Discrimination and Harassment complaint.

24. Plaintiff requested assistance from her Union UPE Local1. Plaintiff discussed her employment issues with Union UPE Local 1 Business agent Lynn McKinney (former Union employee). Plaintiff was informed by Business Agent Lynn McKinney plaintiff would need to obtain outside assistance with plaintiff's type of unlawful employment practice issues. Plaintiff was informed by the Union Business Agent Lynne McKinney (former Union employee) The Union is trying to get Sacramento County Department Human Assistance Welfare Division to follow the contract. At this point, plaintiff was left to file her complaint with EEOC to handle my employment issues.

25. Supervisor Barbara Payne informed plaintiff "I was not qualified to get a promotion", and Sacramento County would not pick me for a promotion or a lateral transfer" you are getting to old". Defendants'  provided derogatory information, harassment orders and threats to other outsider, including and not limited to plaintiff's family members,  others in the community and Sacramento County Department Human Assistance employee's regarding plaintiff which was designed  and intended to block plaintiff from progressing and completing her goals and to age plaintiff so she would not obtain opportunities to advance, and to  secretly block plaintiff's attempts with defendants' to advance in her employment or  obtain lateral transfers into other positions which effected and impacted plaintiff's livelihood and employment status to remain limited and deprived of equal employment opportunities and promotional opportunities. Program manager Doyle selected specific supervisors to assist her with oppressing plaintiff's working environment and relationship with other employee's. In turn,

program manager Donna Doyle would assure awards of specific supervisors and employees for favorable employment opportunities or advancements who practiced unlawful employment practices under her direction and to protect Doyle's unlawful conduct.

26. Supervisors working under Donna Doyle targeted employees by her direction to affect targeted individuals. Yet plaintiff was harassed by her supervisors and some employees who voiced derogatory statements regarding plaintiff's protected characteristic. Such as, my skin color, I was too old and Defendants' picks who they want for their positions and if they don't like you. "You will not promote. In order to promote "you have to know someone, you having a Degree doesn't matter". During this time, Plaintiff was subjected to one hostile stationary work location area surrounded by supervisor's to perform plaintiff's work duties.

27. Plaintiff was informed verbally by supervisor Laura Clegg. A client had complained about plaintiff and the client did not want any service from "a person like plaintiff". Supervisor Clegg wrote up several derogatory memos of discussion information against plaintiff. Supervisor Laura Clegg would wait for plaintiff to leave work for the day and place her derogatory memos of discussion on plaintiff's desk. Plaintiff would report to work the next day and would find supervisor Clegg's derogatory memos of discussion lying on plaintiff desk. Plaintiff would request supervisor Clegg to discuss the issues. Supervisor Clegg refused to discuss the written up derogatory memos of discussion with plaintiff yet placed this information in plaintiff desk files which was destroyed by defendants' supervisors'.

28. Supervisor Barbara Payne were assisting and coaching younger candidates' age's range from late twenties and late thirties for lateral transfers and promotional opportunities for Social Worker's positions, Supervisor's positions and lateral transfers as well as other employment opportunities. Plaintiff was attempting to move out of this environment and was told by one

of defendants' supervisor Barbara Payne informed plaintiff couldn't move unless a supervisor got permission from the program manager designated at plaintiff's work location.

29. Approx. September 2009 plaintiff reported to work and spoke with her newly hired Supervisor Gianna Hasidi. Plaintiff informed her supervisor, plaintiff needed to see a Doctor because plaintiff was feeling depress and exhausted and plaintiff couldn't no longer function under her working conditions adequately to perform her duties. Supervisor Gianna Hasidi asked was my condition work related and I told her yes. Supervisor Gianna Hasidi provided Workmen's Compensation paper work to plaintiff. Plaintiff made appointments to see her Physician and a Therapist and both Health Care providers took plaintiff off work to obtain some psychiatric treatment care for her working conditions. January 2010 plaintiff was referred to receive psychiatry care on a continuance basis and treatment is still needed to date. As a result, a Workmen's Compensation case was filed. Approx. May 2011 Workmen's Compensation case (Settled).

30. Plaintiff became depress because I was denied career advancement, working in a hostile and harassing work environment, held in one stationary position with one change in function and one work area location by defendants' unlawful conduct, testing methodology, denial of equal employment opportunities and advancement. I couldn't make any progress because of the limitation of career opportunities after going to college to obtain my education and to better my life.

FIRST CAUSE OF ACTION

(Race Discrimination- Civil Right Act Title VII)

31. Plaintiff realleges and incorporates by herein all previous with the same force in effect as if such paragraphs were separately realleged herein.

32. Plaintiff was denied employment opportunities and advancement. I am a Black female 54 years old and over the age of forty, in violation of the Civil Rights Act of 1964 as amended in 1990 and 1991.

33. Defendants' denied plaintiff equal employment opportunities in conscious disregard of the hardship and embarrassment it might cause plaintiff. Defendants' and each of them acted arbitrarily, with malice and oppression, and with bad faith in doing the things described above for which an award of compensatory damages and other damages as entitled to and as warranted.

34. As a direct and proximate result of the acts of defendants, plaintiff sustained mental anguish, loss of enjoyment of life, loss of self- esteem, emotional harm, and damage to her career aspirations, intentional infliction of emotional stress, and loss of good health and sleep deprivation and all to her damage according to proof at trial.


SECOND CAUSE OF ACTION

(Hostile Work Environment- Civil Rights Act Title VII)

35. Plaintiff realleges and incorporates by herein all previous with the same force in effect as if such paragraphs were separately realleged herein.

36. Plaintiff was subjected to a hostile work environment because of defendants' employee's, supervisor's and  program manager outrageous conduct, as well as plaintiff being harassed for making internal and external complaints regarding defendants' policies and treatment of plaintiff in her employment with the Sacramento County Department of Human Assistance Division of Welfare.

37. Plaintiff was placed in a hostile work environment subjecting plaintiff for a period of 10 years extensively to one work area and one work location. At different points and times Defendant supervisor's and employees voiced racial remarks of plaintiff's protected characteristics, employees removing plaintiff's personal items off her desk. Supervisors wrote derogatory information against plaintiff and her work ethics. Supervisor's informed plaintiff "you can't promote because you have an attitude so your degree and education doesn't mean anything". Employee's walking by plaintiff making demeaning gestures and mumbling words of racial remarks such as "my skin color was holding me back". Supervisor stating "I'm too old and I would never get a promotion:" Supervisors' accusing plaintiff of making racial remarks about their employees" Conducting internal investigations on plaintiff with a lack of evidence accusing plaintiff of violating of defendants policies.

38. Plaintiff was applying for lateral transfers positions, promotional opportunities but denied while others employees were being promoted or allowed to transfer to other lateral positions. Plaintiff was subjected to workplace harassment and hostility. Defendants' supervisor's continued for a long period of time degrading plaintiff's work ethics and character for the purpose of interfering with plaintiff's work performance and employment opportunities. Plaintiff was subjected to intolerable working conditions, and in fact the acts of defendants' were designed to and intended to force plaintiff to perform her duties unsatisfactory for actual disciplinary issues and to block plaintiff promotional opportunities and advancements.

39. 11 years later, plaintiff was involuntarily transferred to a reassignment in a different location but still under the Direction of Program manager Donna Doyle with significantly different responsibilities.

40. Defendants' employees' and supervisors' harassed plaintiff directly and indirectly in conscious disregard of the hardship and embarrassment it might cause plaintiff. Defendants' and each of them acted arbitrarily, with malice and oppression, and with bad faith in doing the things described above, for which an award of exemplary damages and compensatory and other entitled damages as warranted.

41. As a direct and proximate result of acts of defendants', plaintiff sustained mental anguish, loss of enjoyment of life, loss of self-esteem, intentional infliction of emotional stress and emotional harm, humiliation, damage to plaintiff's career aspirations and educational plans and goals, and opportunities, loss of good health, sleep deprivation all to plaintiff damage according to proof at trial.

42. As a proximate result of defendants' County of Sacramento Department of Human Assistance Division of Welfare hostile work environment and harassment of plaintiff as described above plaintiff has suffered losses in earnings and other employment benefits all to plaintiff's damage according to proof at trial.

THIRD CAUSE OF ACTION

(Age Discrimination- ADEA)

43. Plaintiff realleges and incorporates by herein all previous with the same force in effect as if such paragraphs were separately realleged herein.

44. Plaintiff is 54 year old African American female and a minority and over the age of 40 years old. Plaintiff performed her work duties satisfactorily and was held in substantial low positions which adversely impacted plaintiff professional growth with no opportunities for

advancement. Plaintiff was told by Defendants' supervisor  "I was too old and I would never get a promotion" Defendants' employees making racial remarks about plaintiff protected characteristics. Defendants' employees conduct effected plaintiff to never be chosen for employment opportunities or an advancement which would compel any reasonable person in plaintiff's position to be adversely impacted, and in fact the acts of defendants' were designed to and intended for the effects of achieving the employer's discrimination goal.

45. Defendants' adversely affected plaintiff status of employment in conscious disregard of the hardship and embarrassment it might cause plaintiff. Defendants' and each of them acted arbitrarily, with malice and oppression and with bad faith in doing the things described above for which an award of actual damages back and front pay and compensatory and other damages as entitled to and as warranted.

46.  As direct and proximate results of the acts defendants' plaintiff suffered mental anguish, loss of enjoyment of life, loss of self-esteem, emotional harm, intentional infliction of emotional stress, humiliation, damages to plaintiff's career aspirations, and loss of good health and sleep deprivation, all to plaintiff's damage according to proof at trial.

47. as a proximate result of Defendant Sacramento County Department of Human Assistance Division of Welfare.  Plaintiff was deprived of employment opportunities, advancement and plaintiff's educational plans and goals was adversely effected as described above, plaintiff has suffered and continues to suffer losses in earnings and other employment benefits, all to plaintiff's damage according to proof at trial.

EQUITY

48. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein, and this suit for injunctive relief is plaintiff only means of securing adequate redress from defendants' unlawful acts, practices and policies as set forth herein.


PRAYER

WHEREFORE, plaintiff respectfully prays that this Court enter judgment granting plaintiff:

A.  A declaratory judgment stating that the acts and practices of Defendant Sacramento County Department of Human Assistance Welfare Division of Northern California, Does 1-10 violated Age Discrimination Employment Act of 1967, and Civil Rights Act of 1964, as amended in 1990 and 1991 Title VII. Hostile Work Environment under Title VII..

B.  Any or all derogatory material, including letters of reprimands or documents removed from all files maintained by Defendant Sacramento County Department of Human Assistance and any of its Divisions.

C.  Back and Front pay in amount according to proof at trial, plus all lost fringe employment benefits plaintiff would have been entitled to if and but defendants' actions had not existed.

D.  Exemplary, Compensatory and future damages other damages entitled to and as warranted according to proof at trial.

E.  Medical expenses & Medical Care

F.  Reasonable attorney's fees

G.  For cost of suit herein incurred; and

1      H.  For such other and further relief as the Court deems proper.

2

3

4   DATED: _10/23/2014_                    Respectfully submitted,

5

    All Rights Reserved

6

7   By: _Ruby Bradley_

8   Signature: Ruby Bradley, Plaintiff, lawful woman

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  **RUBY BRADLEY, IN PRO SE**
   **2011 WRIGHT STREET # 5**
2  **SACRAMENTO, CA 95825**
   **916.346.7852**
3

4

5  **RUBY BRADLEY, IN PRO SE**

6

7

8                    **THE UNITED STATES DISTRICT COURT**

9                    **EASTERN DISTRICT OF CALIFORNIA**

10

11

12

13  | **RUBY BRADLEY** | **CASE NO.: 2:13-CV-2420  TLN DAD PS** |
         **Plaintiff**
14
    **v.**                              **PLAINTIFF RUBY BRADLEY'S**
15                                       **DECLARATION IN SUPPORT OF 1ST**
    **SACRAMENTO COUNTY DEPARTMENT**     **AMENDED COMPLAINT**
16
    **OF HUMAN ASSISTANCE OF**           DATE: _____
17                                       TIME: _____
    **NORTHERN CALIFORNIA WELFARE**      Court: _____
18
    **DIVISION  AND DOES 1-10**
19
                                         **Action filed _____**
20
         **Defendants**                 **DEMAND FOR TRIAL BY JURY**
21

22

23

24

25

26

27

28

1  I am **Ruby Bradley**, a non-attorney, Plaintiff in this matter.  I know each of the following facts to be

2  true of my personal knowledge and if called as a witness, I could and would competently testify with

3  respect thereto.

4     I declare under penalty of perjury that the foregoing is true and correct to the best of my ability.

5  This declaration was executed on *10/20/2014* in the city and county of Sacramento,

6

7  California

8

9

10  DATED: *10/20/2014*                    Respectfully submitted,

11

12  All Rights Reserved

13  By: *Ruby Bradley*

14  Signature: Plaintiff Ruby Bradley, lawful woman

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  **RUBY BRADLEY, IN PRO SE**
   **2011 WRIGHT STREET # 5**
2  **SACRAMENTO, CA 95825**
   **916.346.7852**
3

4

5  **RUBY BRADLEY, IN PRO SE**

6

7

8              **THE UNITED STATES DISTRICT COURT**

9              **EASTERN DISTRICT OF CALIFORNIA**

10

11

12

13  **RUBY BRADLEY**                    **CASE NO.: 2:13-CV-2420  TLN DAD PS**
         **Plaintiff**

14                                      **PLAINTIFF RUBY BRADLEY'S**
15  **v.**                             **REQUEST FOR JUDICIAL NOTICE IN**
                                        **SUPPORT OF 1ST AMENDED**
16  **SACRAMENTO COUNTY DEPARTMENT**   **COMPLAINT**

17  **OF HUMAN ASSISTANCE OF**
                                        DATE: _____
18  **NORTHERN CALIFORNIA WELFARE**    TIME: _____

19  **DIVISION  AND DOES 1-10**        Court: _____

20
                                        **Action filed:  11/21/2013**
21          **Defendants**
                                        **DEMAND FOR TRIAL BY JURY**
22

23

24

25  TO THIS HONORABLE COURT, DEFENDANTS, ATTORNEYS OF RECORD AND ALL
26  INTERESTED PARTIES HEREIN:
    PLEASE TAKE NOTICE that pursuant to Federal Rules of Evidence, Rule 201 Plaintiff Ruby
27  Bradley respectfully requests that the Court take judicial notice of the following filed documents in
28  connection with her 1st amended complaint.

1. County of Sacramento Grievance form filed by United Public Employees Local 1
2. Plaintiff's BA Degree.
3. Affidavit of Fact and Truth.
4. Declaration of Promotional List.
5. Former Employee Statement.
6. Subpoena
7. EEOC Right to Sue Notice.

This Request for Judicial Notice is made in further Support of Plaintiff Ruby Bradley 1st Amended complaint.

DATED: _10/20/2014_                                  Respectfully submitted,

All Rights Reserved

By: _Ruby Bradley_

Signature: Plaintiff Ruby Bradley, lawful woman

# EXHIBIT "1"

# EXHIBIT "1"

RUBY BRADLEY'S  REQUEST FOR JUDICIAL NOTICE

# COUNTY OF SACRAMENTO
## Step 1 Formal Grievance Form

| **(This section to be completed by Employee or Union Representative)** | Informal Discussion: ☐ Yes  X No |
|---|---|

TO:  Matt Connolly, Labor Relations &Joseph Hsieh DHA HR Manager III
Person designated as first level of appeal and title

Date of Informal Discussion

FROM:  _All Affected UPE, Local #1 Members__
Employee's name and job classification

Name of Supervisor

☐ Employee      X Employee Organization

Date of Decision or Response

_DHA, ALL, ALL_____      ___Mechele Dews_____
Employee's Department, Division, Section      Employee's Representative, if any

_5370 Elvas Ave. (916) 736-9503 ext. 204___
Work Address and Phone Number      Work Address and Phone Number

**SECTION(S) OF AGREEMENT ALLEGEDLY VIOLATED:** (List specific subsections)
_4.3 (a) Discrimination  & 16.1 (b) Safety_____

**STATEMENT OF GRIEVANCE:** (Specify dates, places, names of witnesses and circumstances)
UPE, Local #1 African American and African American Culture workers have been repeatedly passed over for promotions within the department. African American and African American Culture workers are constantly being labeled as "aggressive, rude, discourteous, intimidating, vociferous, overly opinionated, unable to speak in a professional manner, having an attitude, having an unpleasant tone when speaking, disruptive, bully, threatening  and loud" when standing up for their rights and the rights of their peers as UPE, Local #1 stewards, board members and activists. These actions by the department have created hostile work environments for these members and stunted their upward mobility within the department.

**PROPOSED REMEDY:**
Immediately cease and desist passing over qualified African American and African American culture workers for promotions. Immediately cease and desist from discriminating against our African American and African American culture workers. Immediately cease and desist from labeling our African American and African American culture workers.

**Employee's Signature** _____      **Date** _____

**STEP 1 DECISION:** (To be completed by the County)
**Date of Receipt** _____      **Grievance #** _____

**First Step Designee's Signature** _____      **Date of Response** _____

**Distribution:  Employee, Employee Organization, Employee's Supervisor, Department Head, Office of Labor Relations**

# EXHIBIT "2"

# EXHIBIT "2"

RUBY BRADLEY'S  REQUEST FOR JUDICIAL NOTICE

The Trustees of

# The California State University

on recommendation of the faculty of the

School of Health and Human Services

## California State University, Sacramento

have conferred upon

### Ruby Jean Bradley

in recognition of the fulfillment of the requirements, the degree of

## Bachelor of Arts in Social Work

with all the rights, privileges, and honors thereto pertaining.

Given at Sacramento this twenty-ninth day of May, nineteen hundred ninety-seven.



*Martha C. Fallgatter*
Chair of the Board of Trustees

*Donald R. Gerth*
President of the University

*Pete Wilson*
Governor of California and President of the Trustees

*Barry Munitz*
Chancellor of the California State University

# EXHIBIT "3"

# EXHIBIT "3"

# AFFIDAVIT OF FACT AND TRUTH

I am Ruby Bradley, a non-attorney, Plaintiff in this matter. I know each of the following facts to be true of my personal knowledge and if called as a witness, I could and would competently testify with respect thereto.

1. In May of 1989, my husband and I moved to Sacramento California. I transferred my educational plan from Mercy College of Detroit to Sacramento State University. In November of 1989 I became a resident of Sacramento County. On part time basis, I continued pursuing my Bachelor's Degree in Social Work at Sacramento State University.

2. I worked part time jobs to continue affording my expenses. I went to school to gain my education and obtained my Bachelor's Degree in Social Work. I wasn't able to continue pursing my Master Degree or Law Degree. Circumstances beyond my control, I had to leave schooling because of Medical Reasons. In December of 1997 I obtained my Bachelor's Degree in Social Work. My plans were to work within our diverse population with Sacramento County Department of Human Assistance. Therefore, I used my Bachelor's Degree in Social Work Skills and Knowledge to take social worker exams with Sacramento County. Yet, I am not in a social worker position.

3. More importantly, I had attempted to find out why from Sacramento County Department of personnel and the Civil Service Commission what was preventing me from getting a social worker position. I was so committed to becoming a Social Worker that I have sacrificed my financial security and personal stability. I traveled from the State of Michigan to the State of California and attended Sacramento State University studied and obtained a Bachelor's Degree in Social Work.

4.  I have worked for Sacramento County for 15 years plus part time work for this employer. I still haven't been promoted to a Social Worker position or allowed any other position to gain some up mobility. I have remained a Human Service Specialist with only changes in my functioning. Once returning to work from my work compensation injury. I was allowed to perform Child care duties.

5.  I am a victim of Sacramento County Department of Human Assistance Welfare Division Discriminatory practices. This is still a prevalent practice today and it continues with Sacramento County Department of Human Assistance Welfare Division.

I declare under penalty of perjury that the foregoing Affidavit is true and correct to the best of my ability. This Affidavit was executed on this *10/23/2014* in the city and county of Sacramento, California.

DATED: *10/23/2014*                    Respectfully submitted,

All Rights Reserved

By: *Ruby Bradley*

Signature: Ruby Bradley, Plaintiff, lawful woman

# ACKNOWLEDGMENT

State of California
County of Sacramento       } *ss.*

On __OCt. 23, 2014__ before me, __C. Maher__, Notary Public, personally appeared __RUBY BRADLEY__, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signatures(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

C. MAHER
COMM. # 1963187
NOTARY PUBLIC - CALIFORNIA
SACRAMENTO COUNTY
COMM. EXPIRES DEC. 9, 2015

(Seal)

# EXHIBIT "4"

# EXHIBIT "4"

**RUBY BRADLEY, IN PRO SE**
**2011 WRIGHT STREET # 5**
**SACRAMENTO, CA 95825**
**916.346.7852**


**RUBY BRADLEY, IN PRO SE**


### THE UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA


| | |
|---|---|
| **RUBY BRADLEY**<br>　　　　**Plaintiff**<br><br>**v.**<br><br>**SACRAMENTO COUNTY DEPARTMENT**<br><br>**OF HUMAN ASSISTANCE OF**<br><br>**NORTHERN CALIFORNIA WELFARE**<br><br>**DIVISION  AND DOES 1-10**<br><br>　　　　**Defendants** | **CASE NO.: 2:13-CV-2420  TLN DAD PS**<br><br>**PLAINTIFF RUBY BRADLEY'S**<br>**DECLARATION OF PROMOTIONAL**<br>**LIST IN SUPPORT OF 1ST AMENDED**<br>**COMPLAINT**<br><br>DATE: _____<br>TIME: _____<br>Court: _____<br><br>**Action filed:  11/21/2013**<br>**DEMAND FOR TRIAL BY JURY** |

I am **Ruby Bradley**, a non-attorney, Plaintiff in this matter. I know each of the following facts to be true of my personal knowledge and if called as a witness, I could and would competently testify with respect thereto.

This is a list of younger employees who were promoted to social worker positions, lateral positions and supervisor's position and plaintiff was denied.

1. Kana Goto former Human Service Specialist (Social Worker)
2. Samantha Morales (no social worker degree) Social Worker ( former County Employee)
3. Ronald Alton (no social worker degree) Social worker promoted to Supervisor
4. Eric Wright former Human Service Specialist (no social worker degree) Social Worker
5. True Yang former Human Service Specialist (Trainer)
6. Katie Chu former Human Service Specialist (IEVS Worker)
7. Laura Blake former Human Service Specialist promoted to (supervisor)

I declare under penalty of perjury that the foregoing is true and correct to the best of my ability. This declaration was executed on _/0/20/2014_ in the city and county of Sacramento, California

DATED: _10/20/2014_                     Respectfully submitted,

All Rights Reserved

By: _Ruby Bradley_

Signature: Plaintiff Ruby Bradley, lawful woman

# EXHIBIT "5"

# EXHIBIT "5"

To Whom It May Concern,

My name is Rehema Stephens and I was wrongfully terminated on May 23, 2014 as a Human Services Specialist (HSS) at the Bowling Green Bureau.

I started working for Sacramento County Department of Human Services on December 3, 2013. As a newly employed HSS, I was designated a probationary employee and assigned to a mandatory 12-week training program. On March 10, 2014, after the successful completion of new employee training, I was assigned to the Bowling Green Bureau – Q110 under Supervisor Carmen Espinoza.

On March 17, 2014 Carmen Espinoza comes into my work station and suggests that I do my due diligence into the African American Skills designation I had applied for. And suggests that I speak with Judy Gastinell, HSS AAC Worker and/or Kim Harris, HSS AAC Worker to get their feedback. She then states that dealing with that particular demographic can be 'difficult'. I ask, "What demographic?" "Black people?" "My people?" Carmen then says, "that's the mistake most people make in thinking that because they're of the same race and culture they have an automatic in." I asked, so are you suggesting that I should not test for the African American Cultural Special Skills Position? Carmen says, "No." "I'm just making sure you have all the facts."

This inappropriate racial comment made on March 17, 2014, the subsequent racially charged behavior, and racially discriminative practices led Program Manager Donna Doyle to take adverse employment action against me in retaliation to my internal complaint against my Supervisor Carmen Espinoza. A complaint made on March 28, 2014 that would eventually lead to my release from probation as a Human Services Specialist at Bowling Green Bureau on May 23, 2014.

Since my termination, I have filed for an appeal through the Civil Service Commission on the grounds of racial discrimination. My appeal hearing has been set before Hearing Officer Todd Murray, Esq., commencing at 9:00am on Monday, November 3, 2014, at 700 H Street, Hearing Room 1(First Floor), Sacramento.

In addition, I have filed an employment discrimination complaint with the Equal Employment Opportunity Commission (EEOC Charge No.:555-2014-00789) of which EEOC has complied with the law and notified the CA Dept of Human Assistance that a charge has been filed.

There is a condescending attitude and mindset perpertuated within the culture of the Department of Human Assistance. That attitude and mindset is that African American's are especially 'difficult' and "hard" to deal with. This attitude and mindset is racially biased, racially charged and discriminating in its suggestion. I have personally heard and have spoken with others who have heard racial epithets. And
I've personally experienced retaliatory actions, which is blatant abuse of power, by both my immediate Supervisor and the Program Manager at Bowling Green Bureau; all because I spoke up against racial discrimination in the workplace.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "6"

# EXHIBIT "6"

**BEFORE THE**
**CIVIL SERVICE COMMISSION**
**COUNTY OF SACRAMENTO**
**STATE OF CALIFORNIA**

| | |
|---|---|
| In the Matter of the Appeal of )<br><br>**REHEMA STEPHENS,** )<br><br>From a Release from Probation as a )<br>Human Services Specialist with the )<br>Sacramento County Department of )<br>Human Assistance )<br>_____ ) | Case No. **6001-14** _____ |

**SUBPOENA**

TO: _Ruby Bradley_____
(Name of person being subpoenaed)

At the request of  , **REHEMA STEPHENS**          Appellant  , **805 SAPPHIRE CIRCLE**
                        (Name of Appellant)                                        (Street Address)
_____ , **VACAVILLE, CA** _____ , **95687**    , you are hereby commanded to
                        (City & State)                                        (Zip Code)
attend and to testify in the above proceeding as follows:

DATE:       **11/3/2014**            (M/D/YYYY)
TIME:        **9:00 AM**             (H:MM am/pm)
LOCATION:  **700 H Street, Hearing Room 1 (#1487) or  Hearing Room 2 (#1455)**
                (Circle One)       *First Floor Lobby next to Board of Supervisors' Chambers*

Contact the attorney or other person listed above who requested this subpoena before the date you are required to appear if you have any questions about the time or date, or if you want to be certain that your presence is required.

Upon service of this subpoena, you may be entitled to witness fees and travel expenses to the hearing if you so request.  Make your request to the party who served you with the subpoena.

Disobedience to this subpoena may be punished as contempt in the manner and form prescribed by law.

By Order of the Civil Service Commission this **25** day of **Sep**_____ , 20**14**. (*DO*
*NOT FILL IN – Executive Officer will fill out date on the day he/she signs this document.*)

_Alice Calvillo_

Alice Dowdin Calvillo
Executive Officer
**PROOF OF SERVICE**

# EXHIBIT "7"

# EXHIBIT "7"

RUBY BRADLEY'S  REQUEST FOR JUDICIAL NOTICE

EEOC Form 161 (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: Ruby J. Bradley<br>2011 Wright Street, # 5<br>Sacramento, CA 95825 | From: San Jose Local Office<br>96 North Third Street<br>Suite 250<br>San Jose, CA 95112 |
|---|---|

|  | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) |  |
|---|---|---|
| EEOC Charge No. | EEOC Representative | Telephone No. |
| 550-2010-02111 | Harry R. Geise,<br>Investigator | (408) 291-2623 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[X] Other (briefly state)   **Conciliation Failure**

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice;** or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Enclosures(s)

Dana C. Johnson,
Director

8/22/2013
(Date Mailed)

cc:   **Cori Stillson, PhD**
**EEO Officer**
**COUNTY OF SACRAMENTO**
**Department of Personnel Services**
**700 H Street, Room 5720**
**Sacramento, CA 95814**

**RUBY BRADLEY, IN PRO SE**
**2011 WRIGHT STREET # 5**
**SACRAMENTO, CA 95825**
**916.346.7852**


**RUBY BRADLEY, IN PRO SE**


### THE UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA


| | |
|---|---|
| **RUBY BRADLEY**<br>    **Plaintiff**<br><br>**v.**<br><br>**SACRAMENTO COUNTY DEPARTMENT**<br><br>**OF HUMAN ASSISTANCE OF**<br><br>**NORTHERN CALIFORNIA WELFARE**<br><br>**DIVISION  AND DOES 1-10**<br><br><br>    **Defendants** | **CASE NO.: 2:13-CV-2420  TLN DAD PS**<br><br><br>**PLAINTIFF RUBY BRADLEY'S**<br>**PROOF OF SERVICE**<br><br>DATE: _____<br>TIME: _____<br>Court: _____<br><br>**Action filed:  11/21/2013**<br><br><br><br>**DEMAND FOR TRIAL BY JURY** |


### PROOF OF SERVICE

- 1 -

I am over the age of 18 and not a party to this action.

I, **John Robinson** am a resident of or employed in the county where the mailing occurred; my business address is: **PO Box 188541 Sacramento, CA 95818**

On ___10/24/2014___, I served the foregoing document(s) described as:

**A. 1st Amended Complaint**
**B. Declaration of Ruby Bradley**
**C. Judicial Notice and Exhibits**

    1. County of Sacramento Grievance form filed by United Public Employees Local 1

    2. Plaintiff's BA Degree.

    3. Affidavit of Fact and Truth.

    4. Promotion List.

    5. Former Employee Statement.

    6. Subpoena.

    7. EEOC Right to Sue Notice.

To the following parties:

Potter/Scott              USPS Priority   9114 9011 5981 8343 7862 73
Attorneys of Record
350 University Avenue, Suite 200
Sacramento, CA 95825

[X] (By USPS Priority Mail) I deposited such envelope in the mail at Sacramento, California with postage thereon fully prepaid. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing.

[ ] (By Personal Service) I caused such envelope to be delivered by hand via messenger service to the address above;

[ ] (By Facsimile) I served a true and correct copy by facsimile during regular business hours to the number(s) listed above. Said transmission was reported complete and without error.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED: ___10/24/2014___

-2-
RUBY BRADLEY'S PROOF OF SERVICE

John Robinson

**RUBY BRADLEY**
**2011 WRIGHT ST APT 5**
**SACRAMENTO, CA 95825**

POTTER/SCOTT
350 UNIVERSITY AVENUE, SUITE 200
SACRAMENTO, CA 95825