1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   RUBY BRADLEY,                              No.  2:13-cv-2420 TLN DAD PS

12                  Plaintiff,

13        v.

14   COUNTY OF SACRAMENTO                       FINDINGS AND RECOMMENDATIONS
     DEPARTMENT OF HUMAN
15   ASSISTANCE OF NORTHERN
     CALIFORNIA WELFARE DIVISION, et
16   al.,

17                  Defendants.

18

19          This matter came before the court on January 9, 2015, for hearing of defendant's motion

20   to dismiss plaintiff Ruby Bradley's amended complaint pursuant to Rule 12(b)(6) of the Federal

21   Rules of Civil Procedure.  Attorney Harmony Kessler appeared on behalf of Defendant County of

22   Sacramento Department of Human Assistance of Northern California Welfare Division

23   ("County").  Plaintiff Ruby Bradley appeared on her own behalf.  After hearing oral argument,

24   defendant's motion was taken under submission.

25          For the reasons stated below, the undersigned will recommend that defendant's motion to

26   dismiss be granted.

27   /////

28   /////

                                                    1

BACKGROUND

Plaintiff commenced this action on November 21, 2013, by paying the required filing fee and filing a complaint.[1]  (Dkt. No. 1.)  On December 12, 2013, defendants Donna Doyle and the County filed a motion to dismiss.[2]  (Dkt. No. 6.)  On August 13, 2014, the undersigned issued an order granting defendants' motion to dismiss and granting plaintiff leave to file an amended complaint.  (Dkt. No. 10.)  Plaintiff filed an amended complaint on October 23, 2014.  (Dkt. No. 13.)

Plaintiff's amended complaint alleges, in relevant part, as follows.  "Plaintiff is a 54 year old African American female, a minority and over the age of 40 years old."  (Am. Compl. (Dkt. No. 13) at 2.[3])  In January of 2000, the County of Sacramento hired plaintiff as a full-time Human Service Specialist.  (Id. at 4.)  In 2002, "plaintiff questioned her test results with defendants' personnel specialist."  (Id.)  "Defendants' personnel specialist explained to plaintiff [that] her test scores were not passing to qualify for a Social Worker's position."  (Id.)

In 2004, "plaintiff took the social worker examination again and was placed on [the] social worker list for hire but in a low rank."  (Id.)  In 2005, "plaintiff took the supervisor examination and was ranked low for a supervisor position but placed on a list for hire."  (Id.)  Also in 2005, the County began "promoting and hiring and moving around some African American employees in higher positions and lateral transfers and promotions," and "promoting younger candidates with fewer qualifications."  (Id. at 8.)

In 2006, "plaintiff applied for a lateral transfer[] position and was interviewed . . . [but] was denied this lateral transfer position."  (Id. at 5.)  In 2007, plaintiff applied for the position of Applicant Assistant, which was also a lateral transfer.  (Id.)  "Later on in the week, this position

---

[1]  Plaintiff is proceeding pro se in this action.  Therefore, the matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

[2]  Although named a Donna Doyle as a defendant in her original complaint, Ms. Doyle was not named as a defendant in plaintiff's amended complaint.

[3]  Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

1   was rescinded," however, a few weeks later the position was reposted.  (Id.)  Plaintiff was later

2   informed by two of her co-workers that they had been selected to fill the Applicant Assistant

3   positions.  (Id.)

4      In 2008, plaintiff applied for "a Quality Control Worker's position."  (Id.)  Plaintiff was

5   interviewed for the position and told that she "would be selected for one of these lateral transfer

6   position[s]," however, "issues came about and plaintiff was told" that she "did not fit the crowd,"

7   so two of her co-workers were selected for the positions.  (Id. at 6.)  In 2010, plaintiff again

8   applied for a later transfer.  (Id.)  Plaintiff was informed that the "position was promised to

9   someone else who had been looked over," but that "the next time [plaintiff] applied [she] could

10  get picked up."  (Id.)  In January of 2010, "plaintiff was referred to receive psychiatric care on a

11  continuance (sic) basis and treatment is still needed to date."  (Id. at 11.)  "As a result," plaintiff

12  filed a Workmen's Compensation case which "[s]ettled."  (Id.)

13     In her amended complaint plaintiff also alleges that the County "routinely" overlooked

14  "black females and males for promotions to certain positions."[4]  (Id. at 8.)  Plaintiff  claims that at

15  some point in time, "Supervisor Barbara Payne" told plaintiff that she would not be selected for

16  promotion or transfer because she was "getting to[o] old."  (Id. at 6.)  According to plaintiff,

17  Payne also allegedly assisted and coached "younger candidates . . . from late twenties and late

18  thirties for lateral transfers and promotional opportunities. . . ."  (Id. at 10.)

19     Based on these allegations, plaintiff's amended complaint asserts causes of action for

20  race-based discrimination and hostile work environment in violation of Title VII of the Civil

21  Rights Act of 1964, ("Title VII), and age-based discrimination in violation of the Age

22  Discrimination in Employment Act, ("ADEA").  (Am. Compl. (Dkt. No. 13) at 11-15.)

23     On November 24, 2014, defendant filed a motion to dismiss the amended complaint's

24  claims of race-based discrimination and hostile work environment.[5]  (Dkt. No. 15.)  Plaintiff filed

25  [4] However, seemingly in direct contradiction to this allegation, plaintiff also alleges in her
26  amended complaint that "in 2005 plaintiff's work location . . . [began] promoting and hiring and
    moving around some African American employees in higher positions and lateral transfers and
27  promotions."  (Am. Compl. (Dkt. No. 13) at 8.)

28  [5] "Defendant does not challenge Plaintiff's age discrimination claim."  (MTD (Dkt. No. 16) at 5.)

3

1    an opposition on December 5, 2014.  (Dkt. No. 17.)  Defendants filed a reply on December 19,

2    2014.  (Dkt. No. 18.)  Plaintiff filed an unauthorized sur-reply on January 5, 2014.[6]  (Dkt. No.

3    22.)

4                                                   STANDARDS

5            The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal

6    sufficiency of the complaint.  N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir.

7    1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of

8    sufficient facts alleged under a cognizable legal theory."  Balistreri v. Pacifica Police Dep't, 901

9    F.2d 696, 699 (9th Cir. 1990).  A plaintiff is required to allege "enough facts to state a claim to

10   relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A

11   claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

12   the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v.

13   Iqbal, 556 U.S. 662, 678 (2009).

14          In determining whether a complaint states a claim on which relief may be granted, the

15   court accepts as true the allegations in the complaint and construes the allegations in the light

16   most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v.

17   United States, 915 F.2d 1242, 1245 (9th Cir. 1989).  In general, pro se complaints are held to less

18   stringent standards than formal pleadings drafted by lawyers.  Haines v. Kerner, 404 U.S. 519,

19   520-21 (1972).  However, the court need not assume the truth of legal conclusions cast in the

20   form of factual allegations.  United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th

21   Cir. 1986).  While Rule 8(a) does not require detailed factual allegations, "it demands more than

22   an unadorned, the defendant-unlawfully-harmed-me accusation."  Iqbal, 556 U.S. at 678.  A

23   pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the

24   elements of a cause of action."  Twombly, 550 U.S. at 555.  See also Iqbal, 556 U.S. at 676

25   ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

26   _____

27   [6]  The filing of a sur-reply is not authorized by the Federal Rules of Civil Procedure or the Local
     Rules.  See FED. R. CIV. P. 12; Local Rule 230.  Nonetheless, in light of plaintiff's pro se status,
     the undersigned has reviewed plaintiff's sur-reply and considered it in evaluating defendant's
28   motion.

1    statements, do not suffice.").  Moreover, it is inappropriate to assume that the plaintiff "can prove

2    facts which it has not alleged or that the defendants have violated the . . . laws in ways that have

3    not been alleged."  Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters,

4    459 U.S. 519, 526 (1983).

5         In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court is permitted

6    to consider material which is properly submitted as part of the complaint, documents that are not

7    physically attached to the complaint if their authenticity is not contested and the plaintiff's

8    complaint necessarily relies on them, and matters of public record.  Lee v. City of Los Angeles,

9    250 F.3d 668, 688-89 (9th Cir. 2001).

10                                              ANALYSIS

11        In moving to dismiss the amended complaint, defendant argues that plaintiff's claims of

12   race-based discrimination and hostile work environment must be dismissed because plaintiff has

13   failed to adequately allege exhaustion of her administrative remedies with respect to those claims.

14   (MTD (Dkt. No. 16) at 5.)  With respect to exhaustion, the amended complaint alleges simply that

15   "[w]ithin the statutory time period . . . plaintiff filed charges with the Equal Employment

16   Opportunity Commission" and received a "right-to-sue letter."  (Am. Compl. (Dkt. No. 13) at 7.)

17        To establish federal subject matter jurisdiction for a Title VII claim, a plaintiff must

18   exhaust her remedies by filing an administrative charge of discrimination with the Equal

19   Employment Opportunity Commission ("EEOC") before commencing an action in federal court.

20   B.K.V. v. Maui Police Dept., 276 F.3d 1091, 1099 (9th Cir. 2002); Sommatino v. United States,

21   255 F.3d 704,708 (9th Cir. 2001).  The failure to observe Title VII's exhaustion requirements

22   renders a suit subject to dismissal.  Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 626

23   (9th Cir. 1988).  However, whether a plaintiff in a Title VII action has timely exhausted her

24   administrative remedies 'is an affirmative defense, [so] the defendant bears the burden of

25   pleading and proving it.'"  Kraus v. Presidio Trust Facilities Division/Residential Mgmt. Branch,

26   572 F.3d 1039, 1046 n. 7 (9th Cir. 2009) (quoting Bowden v. United States, 106 F.3d 433, 437

27   (D.C. Cir. 1997)).

28   /////

                                                    5

1   "Subject matter jurisdiction extends to all claims of discrimination that fall within the

2   scope of the EEOC's actual investigation or an EEOC investigation that could reasonably be

3   expected to grow out of the charge." Vasquez v. County of Los Angeles, 349 F.3d 634, 644 (9th

4   Cir. 2003).  Accord E.E.O.C. v Farmer Bros. Co., 31 F.3d 891, 899 (9th Cir. 1994).  To determine

5   whether a plaintiff has satisfied the exhaustion requirement, the court should construe the

6   language of the EEOC charge "with the utmost liberality." Kaplan v. Int'l Alliance of Theatrical

7   & Stage Emp.s, 525 F.2d 1354, 1359 (9th Cir. 1975).  Accord Freeman v. Oakland Unified

8   School Dist., 291 F.3d 632, 636 (9th Cir. 2002); Green v. Los Angeles County Superintendent of

9   Schools, 883 F.2d 1472, 1476 (9th Cir. 1989).  Moreover, in making that determination the court

10  may consider factors such as "the alleged basis of the discrimination, dates of discriminatory acts

11  specified within the charge, perpetrators of discrimination named in the charge and any locations

12  at which discrimination is alleged to have occurred." B.K.B., 276 F.3d at 1100.  See also

13  Freeman, 291 F.3d at 636.

14      Defendant notes that plaintiff has failed to attach a copy of any EEOC charge to her

15  amended complaint even though she has attached a copy of the EEOC right-to-sue letter thereto.

16  (Am. Compl. (Dkt. No. 13) at 38.)  However, plaintiff did file a copy of an EEOC charge as an

17  exhibit to her original complaint filed in this action.[7]  In her Charge of Discrimination filed on

18  January 8, 2011, with the California Department of Fair Employment & Housing, when asked

19  about the basis of the alleged discrimination, plaintiff checked only the box next to "AGE."  (Dkt.

20  No. 1 at 20.)  Plaintiff did not check the box next to "RACE" or "COLOR," or any other box on

21  that form.  (Id.)  Moreover, the January 8, 2011, Charge of Discrimination also states that the

22  "PARTICULARS" of plaintiff's claim are that "[i]ndividuals with less seniority" than plaintiff

23  were granted promotions and transfers and that plaintiff believed she had "been discriminated

24  against because of [her] age."  (Id.)  Again, there is no mention of race-based discrimination or a

25  hostile work environment on the form that plaintiff filed.

26  _____

[7]  The "EEOC Charge No." stated on the right-to-sue letter attached to plaintiff's amended

27  complaint is 550-2010-02111 (Am. Compl. (Dkt. No. 13) at 38), which is the same EEOC Charge
    No. found on the DFEH Charge of the Discrimination and the amended Charge of Discrimination

28  discussed above.  (Dkt. No. 1 at 20, 21.)

1    Likewise, in her June 16, 2012, amended Charge of Discrimination, plaintiff checked the

2    "AGE" and "RETALIATION" boxes on the form but did not check any other box.  (Id. at 21.)

3    Again, the "PARTICULARS" of plaintiff's June 16, 2012 amended Charge of Discrimination

4    concern allegations that "[y]ounger individuals with less seniority" than plaintiff had been

5    granted promotions and transfers, and that plaintiff believed that she had "been discriminated

6    against because of [her] age."  (Id.)  The charge also indicated that plaintiff believed she had been

7    "retaliated against for engaging in protected activities and filing an age discrimination claim with

8    EEOC."[8]  (Id. at 22.)

9    Thus, in neither her January 8, 2011 Charge of Discrimination or her June 16, 2012

10   amended Charge of Discrimination did plaintiff make any allegations related to race-based

11   discrimination or a hostile work environment.  Even construed with the utmost liberality, the

12   undersigned finds that nothing in plaintiff's EEOC charge or amended charge would have

13   indicated to investigators that they should inquire about any other type of discrimination other

14   than the age-based discrimination and retaliation that plaintiff explicitly alleged in the

15   administrative charges that she filed.

16   Accordingly, the undersigned finds that plaintiff has failed to exhaust her claims of race-

17   based discrimination and hostile work environment.  See Leong v. Potter, 347 F.3d 1117, 1122

18   (9th Cir. 2003) (finding that allegations of discrimination on the basis of disability are not

19   reasonably related to those in an EEOC charge alleging discrimination on the basis of race, color,

20   religion, sex, national origin, and/or age because an investigation about the former could not have

21   been reasonably expected to grow out of the latter); Lowe v. City of Monrovia, 775 F.2d 998,

22   1004 (9th Cir. 1985), amended 784 F.2d 1407 (9th Cir. 1986) (holding that the plaintiff failed to

23   exhaust a sex discrimination claim where she failed to allege sex discrimination along with the

24   race discrimination claim contained in her EEOC charge); Shah v. Mt. Zion Hospital and Medical

25   Center, 642 F.2d 268, 271 (9th Cir. 1981) ("Prior to instituting suit, Shah filed an EEOC

26   complaint alleging sex and national origin discrimination.  At trial Shah attempted to expand his

27

28   _____
     [8]  Although it is not clear, it appears that plaintiff was alleging that she was retaliated against by
     being "moved to [a] new location."  (Compl. (Dkt. No. 1) at 22.)

7

1    Title VII action to include race, color and religious discrimination.  The district court lacked

2    subject matter jurisdiction over these additional claims because Shah failed to raise them before

3    the EEOC.”); Wingate v. Donahoe, No. C 12-5560 LB, No. C 13-1722 LB, 2013 WL 5423956, at

4    *6 (N.D. Cal. Sept. 26, 2013) (“Stated differently, the law does not permit Ms. Wingate to raise

5    claims in this court based on allegations that she did not present in her EEO proceeding.”);

6    Wilson-Combs v. California Dept. of Consumer Affairs, 555 F.Supp.2d 1110, 1116 (E.D. Cal.

7    2008) (“If simply alleging the race-based allegations in this action following her failure to

8    properly exhaust her administrative remedy were deemed sufficient, it would allow plaintiff to

9    bypass, and thus defeat, the exhaustion requirement-the purpose of which is to give the

10   administrative agency the opportunity to investigate, mediate, and take remedial action.”);

11   Howard v. Kiewit Pac. Corp., No. CIV. 05-00525ACK/KSC, 2006 WL 278603, at *3-4 (D. Haw.

12   Jan. 19, 2006) (finding that plaintiff had failed to exhaust race and color discrimination claims

13   where plaintiff had checked only the “age” and “disability” boxes on the EEOC charge and failed

14   to make any race or color based allegations therein).

15       In her opposition to the pending motion to dismiss as well as in her unauthorized sur-

16   reply, plaintiff concedes that her administrative charge did not include allegations of race-based

17   discrimination.  Nonetheless, plaintiff argues that is because the EEOC did not include the

18   allegations in the charge.  Specifically, plaintiff asserts that “[i]nitially, the race issue was

19   addressed at one point with an intake coordinator at the EEOC Oakland office.”  (Sur Reply (Dkt.

20   No. 22) at 2.)  However, according to plaintiff, after her “discrimination charge was moved

21   around to various EEOC[s] office[s] in Northern California,” only “[a]n age discrimination

22   charge was drafted . . . .”  (Id.)

23       An equitable exception to the exhaustion requirement is available
         when an EEOC representative misleads the plaintiff concerning
24       [her] claim. See Rodriguez v. Airborne Express, 265 F.3d 890, 901-
         02 (9th Cir. 2001).  Such relief may be granted to a plaintiff who:
25
         (1) diligently pursued [her] claim; (2) was misinformed or misled
26       by the administrative agency responsible for processing [her]
         charge;   (3)   relied   in   fact   on   the   misinformation   or
27       misrepresentations of that agency, causing [her] to fail to exhaust
         [her] administrative remedies; and (4) was acting pro se at the time.
28

1    Josephs v. Pacific Bell, 443 F.3d 1050, 1061 (9th Cir. 2006).

2        Here, plaintiff has not alleged that she was misinformed or misled by the EEOC. Instead,

3 plaintiff has merely asserts that although she discussed "the race issue" with the EEOC, only

4 allegations related to age were included in her EEOC charge. It is apparent, however, that

5 plaintiff was well aware of the allegations found in her EEOC charge.

6        Moreover, the undersigned noted that the September 27, 2010, EEOC Intake

7 Questionnaire signed by plaintiff, which was attached to plaintiff's original complaint, also states

8 that the sole basis for the discrimination claim she was pursuing was based on age discrimination

9 and not racial discrimination.[9] In this regard, when asked to check the box next to the "reason

10 (basis) for your claim of employment discrimination," only the box next to "Age" is checked.

11 (Dkt. No. 1 at 17.) When asked to state why she believed defendant's actions were

12 discriminatory, plaintiff stated that "younger candidates without qualifications," were given better

13 scores. (Id.) Thus, just as was true of her EEOC charge and amended charge, a review of

14 plaintiff's intake questionnaire submitted to the EEOC reveals absolutely no reference of any kind

15 to allegations of race-based discrimination or a hostile work environment.

16        Accordingly, for the reasons stated above, the undersigned finds that defendant's motion

17 to dismiss should be granted due to plaintiff's failure to properly exhaust her race-based

18 discrimination and hostile work environment claims with the EEOC before commencing this

19 action.

20                                  LEAVE TO AMEND

21        The undersigned has carefully considered whether plaintiff could further amend her

22 complaint to remedy the defects noted above. "Valid reasons for denying leave to amend include

23 undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan

24 Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988). See also Klamath-Lake Pharm. Ass'n v. Klamath

25 Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall

26 be freely given, the court does not have to allow futile amendments).

27

28    [9]  It appears that this intake questionnaire may also have been completed by plaintiff herself.

1  Here, on August 13, 2014, the undersigned advised plaintiff of the deficiencies in her

2  original complaint noted above and granted plaintiff leave to file an amended complaint.  (Dkt.

3  No. 10.)  In light of plaintiff's failure to successfully amend her complaint to correct those

4  deficiencies, the documents related to exhaustion of administrative remedies that have been filed

5  with the court and plaintiff's concession that her EEOC charge did not include allegations of race-

6  based discrimination, the undersigned concludes that it would be futile to grant plaintiff further

7  leave to amend.  See Abdul-Haqq v. Kaiser Foundation Hospitals, No. C 14-4140 PJH, 2015 WL

8  1738288, at *3 (N.D. Cal. Apr. 10, 2015) ("Overall, the court finds that plaintiff has failed to

9  exhaust her administrative remedies as to her first cause of action, and therefore GRANTS

10  defendants' motion to dismiss on that basis.  Given that plaintiff has already been given an

11  opportunity to amend, and was specifically instructed to attach all relevant administrative

12  charge(s) to the complaint, the dismissal shall be without leave to amend.").

CONCLUSION

14  Accordingly, IT IS HEREBY RECOMMENDED that:

15  1. Defendant's November 21, 2014 amended motion to dismiss (Dkt. No. 15) be granted;

16  2. The amended complaint's race-based discrimination and hostile work environment

17  causes of action be dismissed; and

18  3. Defendant be directed to file an answer to the amended complaint's age-based

19  discrimination claim within 14 days of the date of any order adopting these findings and

20  recommendations.

21  These findings and recommendations are submitted to the United States District Judge

22  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

23  after being served with these findings and recommendations, any party may file written

24  objections with the court and serve a copy on all parties.  Such a document should be captioned

25  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

26  shall be served and filed within seven days after service of the objections.  The parties are advised

27  /////

28  /////

1    that failure to file objections within the specified time may waive the right to appeal the District

2    Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

3    Dated:  July 21, 2015

4

5                                                DALE A. DROZD
                                                 UNITED STATES MAGISTRATE JUDGE
6

7

8

9

10   DAD:6
     Ddad1\orders.pro se\Bradley2420.mtd2.f&rs.docx
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28