UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBY BRADLEY, | No. 2:13-cv-2420 TLN DAD PS |
| Plaintiff, | |
| v. | |
| COUNTY OF SACRAMENTO DEPARTMENT OF HUMAN ASSISTANCE OF NORTHERN CALIFORNIA WELFARE DIVISION, et al., | ORDER |
| Defendants. | |

Plaintiff Ruby Bradley is proceeding in this action pro se. This matter was, therefore, referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). On August 26, 2015, the court dismissed plaintiff's claims of race-based discrimination and hostile work environment but not plaintiff's claim for age-based discrimination. (Dkt. No. 28.) On September 11, 2015, plaintiff filed a motion for a thirty-day extension of time to file an appeal of that order. (Dkt. No. 30.) On September 14, 2015, plaintiff filed a motion to stay this action pending appeal, (Dkt. No. 31), and a motion to proceed in forma pauperis on appeal. (Dkt. No. 32.)

"[A] party must ordinarily raise all claims of error in a single appeal following final judgment on the merits." Richardson–Merrell, Inc. v. Koller, 472 U.S. 424, 429 (1985) (internal

1

quotation marks and citation omitted).  A partial dismissal order does not qualify as a "final order" for purposes of appeal.  Nascimento v. Dummer, 508 F.3d 905, 908 (9th Cir. 2007).  See also Adonican v. City of Los Angeles, 297 F.3d 1106, 1108 (9th Cir. 2002) ("Once all claims against all parties have been decided on the merits . . . the parties will then be entitled to seek review from this Court.").  An interlocutory appeal of a non-final order may, however, be certified if the district court determines that "such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b); In re Cement Antitrust Litig., 673 F.2d 1020, 1026 (9th Cir. 1982).

      Here, plaintiff does not argue that the order dismissing plaintiff's claims of race-based discrimination and hostile work environment involved a controlling question of law as to which there is substantial ground for difference of opinion and no differences of opinion are apparent to the court.  In this regard, plaintiff's claims based upon her allegations of race-based discrimination and hostile work environment were dismissed because she failed to exhaust those claims prior to commencing this action as required.  See generally Shah v. Mt. Zion Hospital and Medical Center, 642 F.2d 268, 271 (9th Cir. 1981) ("Prior to instituting suit, Shah filed an EEOC complaint alleging sex and national origin discrimination.  At trial Shah attempted to expand his Title VII action to include race, color and religious discrimination.  The district court lacked subject matter jurisdiction over these additional claims because Shah failed to raise them before the EEOC."); Wilson-Combs v. California Dept. of Consumer Affairs, 555 F.Supp.2d 1110, 1116 (E.D. Cal. 2008) ("If simply alleging the race-based allegations in this action following her failure to properly exhaust her administrative remedy were deemed sufficient, it would allow plaintiff to bypass, and thus defeat, the exhaustion requirement-the purpose of which is to give the administrative agency the opportunity to investigate, mediate, and take remedial action.").  For

/////
/////
/////
/////

the reasons stated above, plaintiff's motions to stay this action and to proceed in forma pauperis on appeal will be denied.[1]

Accordingly, IT IS ORDERED that:

1. Plaintiff's September 11, 2015 motion for an extension of time (Dkt. No. 30) is denied without prejudice;

2. Plaintiff's September 14, 2015 motion to stay (Dkt. No. 31) is denied without prejudice; and

3. Plaintiff's September 14, 2015 motion to proceed in forma pauperis (Dkt. No. 32) is denied without prejudice.

Dated:  September 23, 2015

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.pro se\Bradley2420.app.ord.docx

---

[1] In light of plaintiff's pro se status, the motions will be denied without prejudice to their renewal. Plaintiff, however, should not file a motion seeking certification for appeal of a non-final order until she has researched the matter and drafted an appropriate motion which addresses the requirements noted above.