UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBY BRADLEY,<br><br>                Plaintiff,<br><br>        v.<br><br>COUNTY OF SACRAMENTO DEPARTMENT OF HUMAN ASSISTANCE OF NORTHERN CALIFORNIA WELFARE DIVISION, et al.,<br><br>                Defendants. | No.  2:13-cv-2420 TLN CKD PS (TEMP)<br><br><br><br>ORDER |

      Plaintiff Ruby Bradley is proceeding in this action pro se.  This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

      On July 5, 2016, plaintiff filed an "EMERGENCY APPLICATION FOR A PRELIMINARY INJUNCTION."  (Dkt. No. 50.)  Plaintiff's application seeks an order enjoining defendants from violating the Americans with Disabilities Act.  (Id. at 7.)  In this regard, plaintiff's motion states that in March of 2016, plaintiff's physician provided defendants with "a physician duty statement," but defendants found that statement to be "unacceptable."  (Id. at 4.)  Accordingly, plaintiff was "taken . . . off work as a reasonable accommodation but with substantial pay."  (Id.)

/////

1

The legal principles applicable to a request for injunctive relief are well established. To prevail, the moving party must show either a likelihood of success on the merits and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in the movant's favor. See Coalition for Economic Equity v. Wilson, 122 F.3d 692, 700 (9th Cir. 1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1376 (9th Cir. 1985). The two formulations represent two points on a sliding scale with the focal point being the degree of irreparable injury shown. Oakland Tribune, 762 F.2d at 1376. "Under any formulation of the test, plaintiff must demonstrate that there exists a significant threat of irreparable injury." Id. In the absence of a significant showing of possible irreparable harm, the court need not reach the issue of likelihood of success on the merits. Id. Moreover, the court will not entertain a motion for injunctive relief that is not supported by: (1) a declaration under penalty of perjury on the question of irreparable injury, (2) a memorandum of points and authorities addressing all legal issues raised by the motion, and (3) evidence of notice to all persons who would be affected by the order sought. See Local Rule 231.

Here, plaintiff's application fails to address her likelihood of success on the merits or the possibility of irreparable injury. Moreover, plaintiff's application fails to contain a declaration under penalty of perjury on the question of irreparable injury or a memorandum of points and authorities addressing all the relevant legal issues. Plaintiff's application, therefore, will be denied without prejudice to renewal.

Accordingly, IT IS HEREBY ORDERED that plaintiff's July 5, 2016 application for a preliminary injunction (Dkt. No. 50) is denied without prejudice to renewal.

Dated:  July 13, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

BVD\bradley2420.tro.den