1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   RUBY BRADLEY,                          No.  2:13-cv-2420 TLN DB PS

12            Plaintiff,

13      v.

14   COUNTY OF SACRAMENTO            FINDINGS AND RECOMMENDATIONS
     DEPARTMENT OF HUMAN
15   ASSISTANCE OF NORTHERN
     CALIFORNIA WELFARE DIVISION, et
16   al.,

17            Defendants.

18

19        This matter came before the court on November 18, 2016, for hearing of defendant's

20   motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.[1]  The

21   action is proceeding on the October 23, 2014 amended complaint's claim of age-based

22   discrimination.  (ECF Nos. 13, 25, & 28.)  Attorney Chambord Benton-Hayes appeared on behalf

23   of Defendant County of Sacramento.  Plaintiff Ruby Bradley appeared on her own behalf.  After

24   hearing oral argument, defendant's motion was taken under submission.

25        Having reviewed defendant's motion, the documents filed in support and opposition, and

26   the arguments made at the November 18, 2016 hearing, the undersigned recommends that

27   _____

28   [1] Plaintiff is proceeding pro se in this action.  Therefore, the matter was referred to the
     undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

                                              1

defendant's motion for summary judgment be granted.  In this regard, THE COURT FINDS AS

FOLLOWS:

BACKGROUND

Plaintiff commenced this action on November 21, 2013, by paying the required filing fee

and filing a complaint.  (ECF No. 1.)  On December 12, 2013, defendants Donna Doyle and the

County of Sacramento filed a motion to dismiss.[2]  (ECF No. 6.)  On August 13, 2014, the court

granted defendants' motion to dismiss and granted plaintiff leave to file an amended complaint.

(ECF No. 10.)

Plaintiff filed an amended complaint on October 23, 2014.  (ECF No. 13.)  Therein,

plaintiff alleges, in relevant part, as follows.  Plaintiff is a 54 years['] old.  (Am. Compl. (ECF

No. 13) at 2.[3])  In March of 1996, defendant hired plaintiff as a site coordinator.  (Id. at 7.)  In

January of 2000, defendant hired plaintiff as a full-time Human Service Specialist.  (Id. at 4.)  In

2002, "plaintiff questioned her test results with [a] personnel specialist."  (Id.)  "Defendant[']s

personnel specialist explained to plaintiff [that] her test scores were not passing to qualify for a

Social Worker's position."  (Id.)

In 2004, "plaintiff took the social worker examination again and was placed on [the]

social worker list for hire but in a low rank."  (Id.)  In 2005, "plaintiff took the supervisor

examination and was ranked low for a supervisor position but placed on a list for hire."  (Id.)

Also in 2005, the defendant began "promoting younger candidates with fewer qualifications."

(Id. at 8.)

In 2006, "plaintiff applied for a lateral transfer[] position and was interviewed . . . [but]

was denied this lateral transfer position."  (Id. at 5.)  In 2007, plaintiff applied for the position of

Applicant Assistant, which was also a lateral transfer.  (Id.)  "Later on in the week, this position

was rescinded," however, a few weeks later the position was reposted.  (Id.)  Plaintiff was later

informed by two of her co-workers that they had been selected to fill the Applicant Assistant

---

[2]  Although plaintiff named a Donna Doyle as a defendant in her original complaint, Ms. Doyle
was not named as a defendant in plaintiff's amended complaint.
[3]  Page number citations such as this one are to the page number reflected on the court's CM/ECF
system and not to page numbers assigned by the parties.

1    positions. (Id.)

2        In 2008, plaintiff applied for "a Quality Control Worker's position." (Id.) Plaintiff was

3    interviewed for the position and told that she "would be selected for one of these lateral transfer

4    position[s]," however, "issues came about and plaintiff was told" that she "did not fit the crowd,"

5    so two of her co-workers were selected for the positions. (Id. at 6.)

6        In 2010, plaintiff again applied for a lateral transfer. (Id.) Plaintiff was informed that the

7    "position was promised to someone else who had been looked over," but that "the next time

8    [plaintiff] applied [she] could get picked up." (Id.) In January of 2010, "plaintiff was referred to

9    receive psychiatric care on a continuance (sic) basis and treatment is still needed to date." (Id. at

10   11.) "As a result," plaintiff filed a case with the California Division of Workers' Compensation,

11   which "[s]ettled." (Id.) At some point in time, "Supervisor Barbara Payne" told plaintiff that she

12   would not be selected for promotion or transfer because she was "getting to[o] old."[4] (Id. at 9.)

13   According to plaintiff, Payne also allegedly assisted and coached "younger candidates . . . from

14   late twenties and late thirties for lateral transfers and promotional opportunities. . . ." (Id. at 10.)

15       Defendant County of Sacramento again filed a motion to dismiss. (ECF Nos. 14 & 15.)

16   On July 22, 2015, the previously assigned Magistrate Judge issued findings and

17   recommendations, recommending that the amended complaint's race-based discrimination and

18   hostile work environment causes of action be dismissed, and that defendant be ordered to file an

19   answer to the amended complaint's age-based discrimination claim.[5] (ECF No. 25.) On August

20   26, 2015, the assigned District Judge adopted those findings and recommendations in full. (ECF

21   No. 28.)

22       On October 18, 2016, defendant filed the pending motion for summary judgment. (ECF

23   No. 53.) Plaintiff filed an opposition on October 31, 2016. (ECF No. 54.) Defendant filed a

24   reply on November 10, 2016. (ECF No. 57.) However, further briefing was ordered and plaintiff

25

26   ───────────────────
     [4] Plaintiff, however, cannot recall if this comment occurred in 2005, 2008, or 2009. (Def.'s Ex C
27   (ECF No. 53-3) at 80-81.)
     [5] On August 2, 2016, the matter was reassigned from the previously assigned Magistrate Judge to
28   the undersigned. (ECF No. 52.)

1  filed a supplemental response on November 22, 2016.[6] (ECF No. 60.) Defendant filed a sur-

2  reply on December 7, 2016. (ECF No. 63.) Plaintiff filed another supplemental response on

3  December 12, 2016, (ECF No. 64), and defendant filed a sur-reply on December 19, 2016. (ECF

4  No. 65.)

5  <center>DEFENDANT'S STATEMENT OF UNDISPUTED FACTS</center>

6        Defendant's statement of undisputed facts is supported largely by citation to plaintiff's

7  deposition, documentary evidence, and allegations found in the amended complaint. Defendant's

8  statement of undisputed facts establishes the following. Plaintiff was born in early 1960. In

9  March of 1997, plaintiff was hired by defendant as a site coordinator in the Department of Human

10  Assistance. In May of 1997, plaintiff earned a Bachelor of Arts in Social Work. In January of

11  2000, plaintiff was promoted to the position of Human Services Specialist with the Department of

12  Human Assistance Welfare Division. (Def's. SUDF (ECF No. 53-2) 1-4.[7])

13        From 2008 until November 2014, Gianna Ha-Sadi was plaintiff's direct supervisor. On

14  April 23, 2008, plaintiff submitted an application for a promotion to the Human Services Social

15  Worker position. On June 3, 2008, plaintiff was informed that her application was not accepted

16  because she failed to submit her college diploma as required by the job announcement. (Def's.

17  SUDF (ECF No. 53-2) 6-8.)

18        On April 22, 2010, plaintiff applied for the position of Human Services Community Work

19  Experience Program Coordinator, ("CWEX"). Plaintiff submitted the required memorandum of

20  interest and was interviewed. At the time of her interview, plaintiff had worked for defendant for

21  14 years and was 50 years old. Defendant selected another applicant, Robert Tucker, for the

22  position. At the time of his application, Tucker had worked for defendant for 28 years and was

23  59 years old. (Def's. SUDF (ECF No. 53-2) 11, 14-21.)

24  *////*

25

26  [6] Therein, plaintiff provided a list of allegedly "younger employees who [were] promoted . . . and
   plaintiff was denied." (ECF No. 60 at 2.) Plaintiff, however, concedes that she may have applied

27  for these positions "at different times . . . ." (Id.) Moreover, defendant has provided evidence
   that plaintiff did not apply for at least four of the positions at issue. (ECF No. 63 at 3.)

28  [7] Citations here are to the specific numbered undisputed fact asserted.

<center>4</center>

On October 17, 2010, plaintiff completed a United States Equal Employment Opportunity Commission, ("EEOC"), intake questionnaire. On January 10, 2011, plaintiff filed her initial Charge of Discrimination with the EEOC alleging a violation of the Age Discrimination in Employment Act, ("ADEA"). Plaintiff specifically alleged that "in May 2010," she had applied for a job as a "CWEX coordinator," but "was denied this transfer." (Def's. SUDF (ECF No. 53-2) 26-28.)

On March 6, 2012, plaintiff's supervisor, Gigi Ha-Sidi, informed plaintiff that she would be transferred from an office at 4433 Florin Road, to an office at 7000 Franklin Road. The offices were one block, or less than one mile, apart. All employees under Ha-Sidi's supervision were being consolidated into one location and plaintiff was not the only employee required to relocate. On July 2, 2012, plaintiff filed an amended EEOC claim, complaining that after she filed her initial complaint defendant required her to relocate. (Def's. SUDF (ECF No. 53-2) 22-25, 29-30.)

PLAINTIFF'S OPPOSITION

Plaintiff's opposition does not comply with Local Rule 260(b). That rule requires a party opposing summary judgment to (1) reproduce each fact enumerated in the moving party's statement of undisputed facts and (2) expressly admit or deny each fact. Under that provision the party opposing summary judgment is also required to cite evidence in support of each denial. In the absence of the required admissions and denials, the court has reviewed plaintiff's filings in an effort to discern whether plaintiff denies any fact asserted in defendant's statement of undisputed facts and, if so, what evidence plaintiff has offered that may demonstrate the existence of a disputed issue of material fact with respect to any of plaintiff's claims.

LEGAL STANDARDS

**I.      Summary Judgment**

Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Under summary judgment practice, the moving party "initially bears the burden of proving the absence of a genuine issue of material fact." In re Oracle Corp. Securities Litigation,

1    627 F.3d 376, 387 (9th Cir. 2010) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)).

2         The moving party may accomplish this by "citing to particular parts of materials in the

3    record, including depositions, documents, electronically stored information, affidavits or

4    declarations, stipulations (including those made for purposes of the motion only), admission,

5    interrogatory answers, or other materials" or by showing that such materials "do not establish the

6    absence or presence of a genuine dispute, or that the adverse party cannot produce admissible

7    evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A), (B). When the non-moving party

8    bears the burden of proof at trial, "the moving party need only prove that there is an absence of

9    evidence to support the nonmoving party's case." Oracle Corp., 627 F.3d at 387 (citing Celotex,

10   477 U.S. at 325); see also Fed. R. Civ. P. 56(c)(1)(B).

11        Indeed, summary judgment should be entered, after adequate time for discovery and upon

12   motion, against a party who fails to make a showing sufficient to establish the existence of an

13   element essential to that party's case, and on which that party will bear the burden of proof at

14   trial. See Celotex, 477 U.S. at 322. "[A] complete failure of proof concerning an essential

15   element of the nonmoving party's case necessarily renders all other facts immaterial." Id. In

16   such a circumstance, summary judgment should be granted, "so long as whatever is before the

17   district court demonstrates that the standard for entry of summary judgment . . . is satisfied." Id.

18   at 323.

19        If the moving party meets its initial responsibility, the burden then shifts to the opposing

20   party to establish that a genuine issue as to any material fact actually does exist. See Matsushita

21   Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the

22   existence of this factual dispute, the opposing party may not rely upon the allegations or denials

23   of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or

24   admissible discovery material, in support of its contention that the dispute exists. See Fed. R.

25   Civ. P. 56(c)(1); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the

26   fact in contention is material, i.e., a fact that might affect the outcome of the suit under the

27   governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv.,

28   Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is

genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party. See Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (citations omitted).

"In evaluating the evidence to determine whether there is a genuine issue of fact," the court draws "all reasonable inferences supported by the evidence in favor of the non-moving party." Walls v. Central Costa County Transit Authority, 653 F.3d 963, 966 (9th Cir. 2011). It is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), *aff'd*, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).

<div align="center">ANALYSIS</div>

**I.      Statute of Limitations**

Defendant's motion for summary judgment argues that any claim for age discrimination occurring prior to March 30, 2009, is time-barred pursuant to the applicable statute of limitations. (Def.'s MSJ (ECF No. 53-1) at 10.) In this regard, defendant argues that "to the extent Plaintiff attempts to base her claim on the April 23, 2008 application . . . such is time-barred" as plaintiff had until "March 30, 2009," to file her complaint with the EEOC. (Id.) Plaintiff, however, did not contact the EEOC until October of 2010. (Id.)

Under the ADEA, a state "employee who believes [she] has been discriminated against on the basis of age must file a complaint with the EEOC within 180 days of the alleged

discrimination, or 300 days in a deferral state." Forester v. Chertoff, 500 F.3d 920, 924 (9th Cir. 2007) (citing 29 U.S.C. § 626(d)). California is a deferral state. Josephs v. Pac. Bell, 443 F.3d 1050, 1054 (9th Cir. 2006); Bouman v. Block, 940 F.2d 1211, 1219-20 (9th Cir. 1991).

Here, defendant has offered evidence that plaintiff completed an EEOC Intake Questionnaire in October of 2010, and filed a charge of age-based discrimination thereafter. (Def.'s Ex. T (ECF No. 53-3 at 193-97); Def.'s Ex. U (ECF No. 53-3 at 201-06.)) Plaintiff has failed to offer any argument or evidence to challenge the evidence offered by the defendant.[8]

Accordingly, the undersigned finds that defendant's argument that any claim for age discrimination prior to March 30, 2009, should be barred pursuant to the statute of limitations is persuasive.[9] See Mulvihill v. Pacific Maritime Ass'n, 587 Fed. Appx. 422, 423 (9th Cir. 2014) ("The district court properly dismissed Mulvihill's Title VII and ADEA claims arising before November 2009 as time-barred because they fell outside of the 300–day statutory period triggered by filing charges with the EEOC.").

## II.    CWEX Position

The amended complaint alleges that "in 2010 plaintiff applied for a lateral transfer . . . to get closer to plaintiff's home area." (Am. Compl. (ECF No. 13) at 6.) Plaintiff, however, was not selected to fill that position. (Id.) "In a failure-to-promote case, a plaintiff may establish a prima facie case of discrimination in violation of the ADEA by producing evidence that he or she was (1) at least forty years old, (2) qualified for the position for which an application was submitted, (3) denied the position, and (4) the promotion was given to a substantially younger person." Shelley v. Geren, 666 F.3d 599, 608 (9th Cir. 2012); see also Steckl v. Motorola, Inc., 703 F.2d 392, 393 (9th Cir. 1983) (plaintiff established prima facie case of discrimination where he "was clearly within the protected class, had applied for an available position for which he was qualified, and was denied a promotion which was given to a younger person. The result was

---

[8]  However, attached to plaintiff's original complaint is a copy of a Charge of Discrimination dated January 8, 2011, and signed by the plaintiff. (ECF No. 1 at 20.) And plaintiff's June 26, 2012 Amended Charge of Discrimination reflects that plaintiff alleged that the "[e]arliest" date discrimination occurred was May 29, 2010. (Def.'s Ex. V (ECF No. 53-3) at 208-10.)

[9]  Given that it appears that plaintiff did not file her complaint of discrimination with the EEOC until January of 2011, it appears any claims prior to March of 2010 would in fact be time-barred.

1  creation of an inference of discrimination.").

2      Where an older employee is passed over for promotion in favor of a younger employee,

3  "an obviously insignificant difference" in their ages is insufficient to establish a prima facie case.

4  Munoz v. St. Mary-Corwin Hosp., 221 F.3d 1160, 1166 (10th Cir. 2000).  Here, defendant has

5  offered evidence that the person hired for the position was in fact nine years older than plaintiff.

6  (Def.'s Ex K. (ECF No. 53-3) at 155.)  Plaintiff has offered no evidence or argument to rebut

7  defendant's evidence.  Accordingly, the undersigned finds that plaintiff has failed to establish a

8  prima facie case of age discrimination with respect to the 2010 hiring for the CWEX position.

9  **III.      Relocation**

10      As noted by defendant in the motion for summary judgment, it does not appear that

11  plaintiff asserted "an express claim for relief for retaliation in the amended complaint . . . ."

12  (Def.'s MSJ (ECF No. 53-1) at 12.)  The amended complaint does, however, allege that plaintiff

13  was "harassed for making internal and external complaints regarding defendants' policies and

14  treatment of plaintiff . . . ."  (Am. Compl. (ECF No. 13) at 12.)  Assuming arguendo that plaintiff

15  intended to assert a claim of retaliation, the undersigned finds that such claim would fail.

16      In this regard, "[t]o establish a claim of retaliation, a plaintiff must prove that (1) the

17  plaintiff engaged in a protected activity, (2) the plaintiff suffered an adverse employment action,

18  and (3) there was a causal link between the plaintiff's protected activity and the adverse

19  employment action."  Poland v. Chertoff, 494 F.3d 1174, 1179-80 (9th Cir. 2007).  Here,

20  plaintiff's contact with the EEOC in October of 2010 constituted protected activity.  Ray v.

21  Henderson, 217 F.3d 1234, 1240 (9th Cir. 2000).

22      The only events at issue occurring after plaintiff's contact with the EEOC are plaintiff's

23  relocation on March 6, 2012.  "The relocation of one's working space may constitute an adverse

24  employment action where it materially affects the terms, conditions, or privileges of

25  employment."  Knight v. Brown, 797 F.Supp.2d 1107, 1125 (W.D. Wash. 2011) (citing Chuang

26  v. University of California Davis, Bd. of Trustees, 225 F.3d 1115, 1125-26 (9th Cir. 2000)).

27      Here, defendant has offered evidence that plaintiff was relocated "less than one block,"

28  from her original location.  (Def.'s Ex J. (ECF No. 53-3) at 151.)  Moreover, plaintiff has

1   provided no argument or evidence that this relocation affected the terms, conditions, or privileges

2   of her employment.  Accordingly, the undersigned finds that plaintiff has failed to establish a

3   claim of retaliation with respect to the March 6, 2012 relocation.[10]

4                                                      CONCLUSION

5           Given the evidence presented by the parties on summary judgment, there does not appear

6   to be even a scintilla of evidence that defendant violated plaintiff's rights under the ADEA.  See

7   Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000) ("A scintilla of evidence or

8   evidence that is merely colorable or not significantly probative does not present a genuine issue of

9   material fact" precluding summary judgment); Summers v. A. Teichert & Son, Inc., 127 F.3d

10  1150, 1152 (9th Cir. 1997) ("a mere scintilla of evidence will not be sufficient to defeat a

11  properly supported motion for summary judgment; rather, the nonmoving party must introduce

12  some significant probative evidence tending to support the complaint").

13          In the absence of any evidence of a disputed issue of material fact regarding plaintiff's

14  claims, the court finds that defendant is entitled to summary judgment in its favor on all of

15  plaintiff's claims.  After adequate time for discovery, plaintiff has failed to make a showing

16  sufficient to establish the existence of any disputed issue of fact regarding elements essential to

17  her claims and on which she would bear the burden of proof at trial.

18          Accordingly, IT IS HEREBY RECOMMENDED that:

19          1.  Defendant's October 18, 2016 motion for summary judgment (ECF No. 53) be granted;

20  and

21          2.  This action be closed.

22  ////

23

24  ---

    [10]  Moreover, given that 14 months passed between plaintiff's January 2011 Charge of
    Discrimination and her March 2012 relocation, it is not clear that plaintiff could establish a causal
25  link between the two.  See Cornwell v. Electra, 439 F.3d 1018, 1035-36 (9th Cir. 2006) (gap of
    eight months too great to support an inference that complaint was related to termination); Manatt
26  v. Bank of America, NA, 339 F.3d 792, 802 (9th Cir. 2003) (nine-month lapse between protected
    activity and alleged retaliatory employment decision too long to infer causation); Allen v. Iranon,
27  283 F.3d 1070, 1078 (9th Cir. 2002) ("[A]n eleven-month gap in time is within the range that has
28  been found to support an inference that an employment decision was retaliatory.").

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 26, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/bradley2420.msj.f&rs

11