UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBY BRADLEY,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>COUNTY OF SACRAMENTO DEPARTMENT OF HUMAN ASSISTANCE OF NORTHERN CALIFORNIA WELFARE DIVISION, et al.,<br><br>　　　　　Defendants. | No. 2:13-cv-02420-TLN-DB<br><br>**ORDER DENYING COSTS AND SUSTAINING PLAINTIFF'S OBJECTIONS** |

This matter is before the Court on Plaintiff Ruby Bradley's ("Plaintiff") objections to the Bill of Costs submitted by Defendant County of Sacramento ("Defendant"), who prevailed in this matter. (ECF No. 87.) For the reasons discussed below, Plaintiff's objections are SUSTAINED and Defendant's costs are DENIED.

///
///
///
///
///
///

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

On June 26, 2017, the magistrate judge assigned to this case issued findings and recommendations recommending that Defendant's motion for summary judgment (ECF No. 53) be granted. (ECF No. 70.) This Court adopted the magistrate judge's findings and recommendations in full, and the case was closed. (ECF No. 77.) Defendant submitted a Bill of Costs on October 2, 2017. (ECF No. 79.) On October 11, 2017, Plaintiff filed a notice of appeal to the Ninth Circuit.[1] (ECF No. 80.) Following this notice, Plaintiff filed a motion to proceed in forma pauperis (ECF No. 83) which was accordingly granted (ECF No. 85.) Plaintiff then filed objections to the Bill of Costs, arguing that the imposition of these costs "will cause a financial hardship to the [P]laintiff." (ECF No. 87 at 2.)

## II. STANDARD OF LAW

Under Fed. R. Civ. Proc. 54(d)(1), the prevailing party in a lawsuit shall recover its costs "unless . . . a court order provides otherwise." Fed. R. Civ. P. 54(d)(1). The rule creates a presumption that costs will be taxed against the losing party, but "vests in the district court discretion to refuse to award costs" if the losing party shows why costs should not be awarded. *See Ass'n of Mexican-Am. Educators v. State of Cal.*, 231 F.3d 572, 591 (9th Cir. 2000).

A prevailing party's ability to recover costs under Rule 54(d)(1) is limited by 28 U.S.C. § 1920 and, in this District, by Local Rule 292. *See* 28 U.S.C. § 1920; L.R. 292(f). *See also Crane-McNab v. Cty. of Merced*, No. 1:08-cv-1218-WBS-SMS, 2011 WL 794284, at *1 (E.D. Cal. Mar. 1, 2011) ("Rule 54(d)(1) of the Federal Rules of Civil Procedure and Local Rule 292 govern the taxation of costs to losing parties, which are generally subject to limits set under 28 U.S.C. § 1920."). 28 U.S.C. § 1920 enumerates which fees and expenses the Court may tax as costs. Local Rule 292(a) prescribes that "[c]osts shall be taxed in conformity with the provisions of 28 U.S.C. § 1920" and Local Rule 292(f) provides a list of specific fees and expenses that are taxable as costs. L.R. 292(a), (f). 28 U.S.C. § 1920(4) provides that courts may tax as costs "[f]ees for exemplification and the costs of making copies of any materials where the copies are

---

[1] The Ninth Circuit issued a memorandum and mandate affirming the decision of this Court. (ECF Nos. 86, 89.)

2

necessarily obtained for use in the case." If the court declines to award costs, it must specify its reasons for doing so. *Berkla v. Corel Corp.*, 302 F.3d 909, 921 (9th Cir. 2002).

### III. ANALYSIS

Plaintiff objects to Defendant's Bill of Costs and argues she should not be forced to pay costs because she would be financially harmed if forced to do so. (ECF No. 79.) Defendant, in response, argues that Plaintiff's objections to the Bill of Costs were untimely filed as, per Local Rule 292(c), any objections to items specified in a Bill of Costs must be filed and served within seven days of the Bill of Costs filing. (ECF No. 88 at 3.) Here, Defendant's Bill of Costs was filed on October 2, 2017. (ECF No. 79.) Although objections were due on or before October 9, 2017, the Court will consider the substance of Plaintiff's objections. *See Bryant v. Gallagher*, No. 1:11-CV-00446-BAM-PC, 2017 WL 2671013, at *1 (E.D. Cal. June 21, 2017) (considering a party's objections even though the "objections may be disregarded as untimely"); *Fonseca v. Secor Int'l, Inc.*, No. CV-04-1117-ST, 2005 WL 1587065, at *1 (D. Or. June 13, 2005).

Defendant next argues that Plaintiff has not sufficiently shown that her financial condition warrants denial of costs. (ECF No. 88 at 3.) Defendant cites to cases from other circuits arguing that Plaintiff's in forma pauperis status is not sufficient to show inability to pay. (ECF No. 88 at 3–4 (citing *Chapman v. A.I. Transport*, 229 F.3d. 1012, 1039 (11th Cir. 2000) and *McGill v. Faulkner*, 18 F.3d. 456, 459 (7th Cir. 1994).) This Court is not persuaded by Defendant's argument. The Ninth Circuit has approved the following as appropriate reasons for denying costs: "(1) a losing party's limited financial resources; (2) misconduct by the prevailing party; and (3) the chilling effect of imposing . . . high costs on future civil rights litigants." *Champion Produce, Inc. v. Ruby Robinson Co.*, 342 F.3d 1016, 1022 (9th Cir. 2003); *see also Ofeldt v. Nevada*, No. 3:10-CV-00420-LRH, 2010 WL 4607016, at *2 (D. Nev. Nov. 5, 2010) ("The court takes judicial notice of plaintiff's limited resources as demonstrated in his application to proceed in forma pauperis . . . and based on such limited resources, combined with the possibility that the imposition of the award would have a chilling effect on civil rights litigants, an award of costs against plaintiff would be inequitable."); *Tater-Alexander v. Amerjan*, No. 1:08-CV-00372 OWW, 2011 WL 1740697, at *1 (E.D. Cal. May 3, 2011); *Meeks v. Parsons*, No. 1:03-CV-6700

OWW, 2010 WL 2867847, at *1 (E.D. Cal. July 21, 2010).  Here, Plaintiff brought a claim alleging unlawful employment discrimination.  (ECF No. 1.)  The Court finds, pursuant to the motion to proceed in forma pauperis (ECF No. 83) and order granting the motion (ECF No 85), that Plaintiff would be financially harmed if forced to pay these costs.[2]  Moreover, the imposition of these fees on a Plaintiff proceeding in forma pauperis in a civil rights case could have a chilling effect on future litigants.

    Accordingly, Plaintiff's objections are sustained, and the Bill of Costs are denied.

**IV. CONCLUSION**

    It is HEREBY ordered that Plaintiff's Objections (ECF No. 87) to Defendant's Bill of Costs are sustained, and the Bill of Costs (ECF No. 79) is denied.

    IT IS SO ORDERED.

Dated: March 18, 2019

                              Troy L. Nunley
                              United States District Judge

---

[2] It is evident Plaintiff has limited means.  The motion to proceed in forma pauperis shows total monthly expenses as $3,134, and total income as $3,320.92.  (ECF No. 83 at 2, 7.)